IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
AT SOUTH BEND

**KIMBERLY SPEAR**
     AND
CHARLIE SPEAR
4900 CALUMET ROAD
ROSWELL, NM 88201

     PLAINTIFFS

     - VS. -

KZRV, L.P.
C/O K.Z., INC. GENERAL PARTNER
9270 W US 20
SHIPSHEWANA, IN 46565

     DEFENDANT

CASE NO.: _____

(JUDGE _____)


COMPLAINT AND JURY DEMAND

---

## PRELIMINARY STATEMENT

1.    This case involves claims asserted under the Indiana Commercial Code, the

Magnuson Moss Warranty Act, and the New Mexico Unfair Practices Act and/or

the Indiana Deceptive Consumer Sales Act.

2.    Jurisdiction exists with this court because a federal claim exists in which there is

more than $50,000 in controversy under 15 USC 2301 et seq, invoking 28 USC

1331, and/or the amount in controversy is more than $75,000 and is between

citizens of different states, invoking 28 USC 1332.

3.    The vehicle which is the subject of this dispute was acquired by Plaintiffs in New

Mexico and was defective when acquired; ineffective repair attempts were made upon the subject vehicle by defendant's authorized representative dealership in New Mexico; the place where the relationship of the parties arose is New Mexico because the warranty and/or contract obligations of defendant were given to and received by Plaintiffs in New Mexico with the purchase of the subject Rv and defendant directly interacted with Plaintiffs through its authorized warranty repair and service representatives and agents in New Mexico.

### IDENTIFICATION OF PARTIES

4.   Kimberly Spear and Charlie Spear are natural persons whose principal place of residence is in New Mexico and are consumers and buyers within the meaning of applicable laws.

5.   Defendant is a corporation authorized to do business and doing business in Indiana and New Mexico and whose principal place of business is in Indiana and is a warrantor of a recreational vehicle that plaintiffs acquired in New Mexico and a supplier and a merchant.

6.   Defendant knowingly distributed the subject Rv in New Mexico for the purpose of soliciting and participating in a retail sale of the subject Rv in New Mexico and knew or should have known that the subject Rv would likely be acquired by a residence of New Mexico, and it was.

### FIRST CLAIM: BREACH OF WARRANTY AND/OR CONTRACT

7.   This case involves a defective 2017 KZ Venom recreational vehicle that defendant

warranted and contracted to warrant but which it was not able to repair within a reasonable number of chances or a reasonable amount of time and whose warranty and/or contract defendant breached.

8.     The allegations of all other paragraphs and claims in this pleading are incorporated as if fully rewritten herein.

9.     This claim is for breach of warranty and/or contract by defendant in New Mexico and/or Indiana.

10.    As a result of the above, and the allegations below, inter alia, defendant breached its warranty and/or contract to the injury of Plaintiffs and that was abusive and/or unfair and/or deceptive and/or unconscionable to Plaintiffs.

11.    At all times relevant, Main Trailer Sales, Inc. was a supplier and merchant and an authorized retail sales representative and agent of defendant in New Mexico. Main Trailer Sales, Inc. was authorized by defendant to act for it in all respects related to warranty and/or contract repair work performed or attempted on the subject vehicle in New Mexico. Plaintiffs acquired the subject Rv from Main Trailer Sales, Inc. in New Mexico.

12.    On or about December 20, 2016 the parties entered into a consumer transaction in New Mexico, in that Plaintiffs agreed to acquire from defendant's authorized retail sales representative and agent, and defendant's authorized retail sales representative and agent agreed to sell to Plaintiffs, under the terms of a retail installment contract which by its terms stated that the "contract is governed by the law of New Mexico and applicable federal law and regulations," and defendant contracted and/or agreed in New Mexico to warrant the vehicle to be

free from defects and/or that it would repair and/or replace any defect which it contracted and/or warranted against, the goods being a certain 2017 KZ Venom recreational vehicle believed to bear VIN # 4EZFH 4037H 612 2091, and whose total cost was about $142,485.60.

13.     As part of the deal, when the Rv was delivered to Mr/Mrs Spear the defendant's KZRV written warranty warranted to Plaintiffs that the Rv structure would "for a period of two (2) years, to be free from substantial defects in materials and workmanship."

14.     As part of the deal, defendant promised that if defects arose which were covered by its warranty that the Rv would either be repaired or replaced within a reasonable time but no later than 90 days.

15.     Plaintiffs acquired the vehicle in reliance on the existence of a written warranty and/or contract from Defendant and on advertising representations and/or warranties of Defendant.

16.     The purpose of defendant's written warranty and/or contract was to get the Rv fixed within a reasonable amount of time and within a reasonable number of attempts if a defect arose. A secondary purpose of the defendant's warranty and/or contract was to give Plaintiffs confidence in the reliability and quality of the Rv. A third purpose of the defendant's warranty and/or contract was to give Plaintiffs confidence in the defendant's authorized representatives and dealer network's repair and service abilities. A fourth purpose of the defendant's warranty and/or contract was to give Plaintiffs confidence in the defendant itself as a company.

17.   After acquiring the vehicle, Plaintiffs discovered that it did not conform to the

representations of Defendant inasmuch as it developed continuing malfunctions,

defects and problems and defendant and its authorized warranty repair

representative and agent did not repair or replace the subject Rv as it warranted

and contracted it would do, and that was abusive and/or unfair and/or deceptive

and/or unconscionable to Plaintiffs.

18.   The defects in the Rv, which were substantial and existed in the materials and

workmanship caused by defendant, included, but are not limited to:

- Left Side Bedroom Dresser Drawer Will Not Close
- Bathroom Floor Bubbled
- Ramp Door Seal Leaks
- Automatic Leveling System Malfunctions
- Kitchen Faucet Leaks
- Grey Tank Water Valve Not Working Correctly
- Black Tank Water Valve Not Working Correctly
- Rear Camera Inoperative
- Bedroom Window Missing Screw
- Outside Control Door Will Not Stay Shut
- Holes in Awning
- Front Door Hard to Shut
- Front Door Striker Plate Fell Off
- Valance Fell Off
- Light Fell Off
- Top Step Too Narrow
- Defective Back Door and Back Door Seal
- Sticker Defective

19.   Defendant was notified of defects and non-conformities in the vehicle and the

authorized repair facility's failed repair attempts repeatedly prior to filing this

case.

20.   In all respects, Plaintiffs substantially if not completely performed their

obligations under the written warranty and/or contract by defendant on the

subject Rv and defendant did not perform its obligations, as set forth herein above and below.

21.     Because of the contract and/or warranty-covered defects, Plaintiffs notified defendant and/or one of its authorized servicing dealers of the numerous defects and on various dates delivered the motor coach into the possession of defendant and/or one of its authorized servicing dealers at their cost and/or expense beginning shortly after the sale.

22.     Just weeks after purchasing the Rv, the Rv went into the KZRV authorized repair representative's warranty repair shop on January 5, 2017 for repair of ten defects and was subjected to repairs until May 17, 2017, a total of about 133 days.

23.     The Rv went back into the KZRV authorized repair representative's warranty repair shop on September 6, 2017 for repair of seven more defects, two of which were repeat defects, and was subjected to repairs until October 16, 2017, a total of about 41 more days.

24.     The Rv went back into the KZRV authorized repair representative's warranty repair shop on November 16, 2017 for repair of one more defect, which was a repeat defect, and was subjected to repairs until end of day November 16, 2017, a total of about one more day.

25.     The Rv went back into the KZRV authorized repair representative's warranty repair shop on December 22, 2017 for repair of five more defects, four of which were repeat defects, and is still in the repair shop subjected to repairs, a total of more than 70 more days.

26.     At the end of February 2018 the Rv was still at the KZRV authorized repair

representative's warranty repair shop being subjected to more repairs and parts were still on order. KZRV has failed to have the Rv either repaired or replaced within a reasonable time, as it promised under its warranty and/or contract to Mr/Mrs Spear.

27.    After experiencing over a dozen defects and more than 175 days in the shop over the course of at least four different repair opportunities for KZRV, L.P., Kimberly Spear and Charlie Spear have lost all faith and confidence in the reliability of this RV, and in the ability of KZRV and its authorized representative for warranty repair and service to live up to the KZRV written warranty and/or contract. After living with the Rv's defect experiences, Mr/Mrs Spear are convinced that the Rv that was sold to them is an Rv that simply does not operate right and was not fixed within a reasonable number of attempts or within a reasonable amount of time.

28.    In spite of defendant's obligations, when Plaintiffs complained of the inability of defendant and its authorized warranty-repair facility to repair the vehicle, defendant did not repair or replace or repurchase the subject vehicle.

29.    Prior to filing this case, including on March 7, 2018 and/or one or more other dates, Plaintiffs provided direct notice to defendant and notice to defendant's authorized representative and agent about the abusive and/or unfair and/or deceptive and/or unconscionable acts, practices and failures of KZRV to live up to its warranty and/or contract.

30.    Instead of performing as it represented and agreed in its written warranty and/or contract, defendant did not repair all defects in the vehicle once and for all time.

Page 7

31.     Defendant's written warranty has a term in it that purports to require defendant to repair or replace any warranted defect within a reasonable time after receipt of a written notice served upon defendant "but not later than ninety days after delivery by the consumer." Plaintiffs served their notice upon defendant and defendant thereafter failed to comply with its written warranty obligations.

32.     As a result defendant breached its express and/or implied warranties and/or contract in New Mexico and also committed one or more abusive and/or unfair and/or deceptive and/or unconscionable acts and/or practices in New Mexico which are uncured.

33.     As a result, defendant's warranty and/or contract failed of its essential purpose in New Mexico and any limitations contained within the warranty and/or contract are null and void and Plaintiffs are entitled to all applicable legal and equitable remedies in law.

34.     In addition, any limitations contained within the warranty and/or contract are null and void and without consideration and Plaintiffs are entitled to all applicable legal and equitable remedies in law.

35.     Through its advertising and otherwise, Defendant represented that the recreational vehicles it built were fit for the purpose for which they were designed, that they are safe and suitable vehicles for their intended designed use, reliably operable for private transportation and Plaintiffs acquired the vehicle in reliance upon the belief that Defendant possessed a high degree of manufacturing skill and judgment.

36.     Through its advertising and otherwise, Defendant represented that the

recreational vehicles which it manufactured were of merchantable quality, fit and in proper condition for the ordinary use for which such vehicles are designed and used, and Plaintiffs relied on such, but the vehicle involved in this case was not, however, of merchantable quality and that was abusive and/or unfair and/or deceptive and/or unconscionable to Plaintiffs.

37.   The malfunctions and defects in the vehicle severely and substantially impaired its use and/or safety and/or value to Plaintiffs and that was abusive and/or unfair and/or deceptive and/or unconscionable to Plaintiffs.

38.   Defendant's failure to timely fix all of the vehicle's defects has caused Plaintiffs to lose confidence in the reliability of the subject motor vehicle and in the ability of defendant to repair the vehicle's defects and that was abusive and/or unfair and/or deceptive and/or unconscionable to Plaintiffs.

39.   Plaintiffs provided Defendant and/or one or more of its authorized dealers with a reasonable number of opportunities to repair the vehicle but they have each neglected, failed, refused or otherwise been unable to do so within a reasonable amount of time or a reasonable number of attempts

40.   One or more of the defects and malfunctions in the vehicle were covered under the terms of defendant's warranties and/or contract, and defendant failed to repair the vehicle, thereby diminishing the use and/or safety and/or value of the vehicle and that was abusive and/or unfair and/or deceptive and/or unconscionable to Plaintiffs.

41.   Defendant and/or one or more of its authorized dealers had notices of the breaches of the warranty and/or contract and the defective condition of the

subject motor vehicle within a reasonable time.

42.   Plaintiffs suffered and shall continue to suffer actual, incidental and consequential damages as a direct and proximate result of the inability or other failure of Defendant's authorized representatives to repair or replace the vehicle or refund its price and that was abusive and/or unfair and/or deceptive and/or unconscionable to Plaintiffs, including insurance, title, registration, interest and other damages.

### SECOND CLAIM: MAGNUSON MOSS WARRANTY ACT

43.   The allegations of all other paragraphs and claims in this pleading are incorporated as if fully rewritten herein.

44.   This claim is for breach of express and/or implied warranties and/or contract of warranties and/or defendant's violation of its obligations under the Magnuson-Moss Warranty Act, 15 U.S.C. 2301, et seq, including but not limited to its obligations to comply with its warranties and/or contract and/or to make its warranty term disclosures and its actions in full compliance with all provisions of the Warranty Act and its applicable regulations.

45.   As a result of the above, among other things, defendant has breached its obligations under the Warranty Act and/or its applicable disclosure and/or other regulations and that was abusive and/or unfair and/or deceptive and/or unconscionable to Plaintiffs.

46.   As a result of the above, among other things, defendant breached its obligations to make its warranty term disclosures and its actions in full compliance with all

provisions of the Warranty Act and the applicable Code of Federal Regulations.

47.     As a result of the above, inter alia, defendant is in violation of the Warranty Act.


### THIRD CLAIM: UDAP LAW(S)

48.     The allegations of all other paragraphs and claims in this pleading are incorporated as if fully rewritten herein.

49.     This claim is for violation of applicable state Udap laws, being the  the New Mexico Unfair Practices Act  and/or the Indiana Deceptive Consumer Sales Act, by Defendant.

50.     Defendant and each Plaintiff are each a "person" and defendant engaged in the conduct of a trade or commerce, all within the meaning of NMSA 57-12-2.

51.     Defendant engaged in advertising, offering for sale or distribution of a service and property or another article, commodity or thing of value, including a trade or commerce directly or indirectly affecting the people of New Mexico prior to and after December 20, 2016.

52.     Prior to and/or after December 20, 2016 defendant knowingly made a false or misleading oral or written statement, visual description or other representation in connection with the sale of goods or services in the regular course of its trade or commerce which tended to and/or did deceive or mislead Plaintiffs, including, but not limited to:

        1. Representing that goods or services have characteristics, uses, or benefits that they did not have and/or

        2. Representing that goods are of a particular standard, quality or grade when

they were of another and/or

      3. Used exaggeration, innuendo or ambiguity as to a material fact and/or failed to state a material fact when doing so deceived or tended to deceive and/or

      4. Stated that a transaction involved rights, remedies or obligations that it did not involve and/or

      5. Failed to deliver the quality of goods or services contracted for.

53.     Prior to and/or after December 20, 2016 defendant engaged in an act in connection with the sale of goods or services in the regular course of its trade or commerce which resulted in a gross disparity between the value received by a person and the price paid by failing to disclose to Plaintiffs the fact that its own experience with its Rv's was that it was not abnormal and/or unexpected, and/or that it was normal and/or expected, for defects to arise in its Rv's prior to retail sale to a consumer in New Mexico and elsewhere.

54.     Prior to and/or after December 20, 2016 defendant engaged in an act in connection with the sale of goods or services in the regular course of its trade or commerce which resulted in a gross disparity between the value received by a person and the price paid by failing to disclose to Plaintiffs the fact that its own experience with its Rv's was that it was not abnormal and/or unexpected, and/or that it was normal and/or expected, for defects to arise in its Rv's after the retail sale to a consumer and within the first year of its written warranty in New Mexico and elsewhere.

55.     Prior  and/or after December 20, 2016 defendant engaged in an act in connection with the sale of goods or services in the regular course of its trade or commerce

which resulted in a gross disparity between the value received by a person and the price paid by failing to disclose to Plaintiffs the fact that its own experience with its Rv's was that it was not abnormal and/or unexpected, and/or that it was normal and/or expected, for its Rv's to be out of service 30 or more days after the retail sale to a consumer and within the first year of its written warranty in New Mexico and elsewhere.

56. In the conduct of a trade or commerce, defendant committed one or more unfair or deceptive or unconscionable acts and/or omissions and trade practices which were the direct and proximate cause of damage and injury to Plaintiffs.

57. As a result of the above, among other things, one or more abusive and/or unfair and/or deceptive and/or unconscionable acts, omissions, or practices were committed by Defendant and remain uncured and/or were uncurable, including but not limited to:

1. Representing that the subject of a consumer transaction has performance, characteristics, accessories, uses, or benefits it does not have which the supplier knows or should reasonably know it does not have

2. Representing that the subject of a consumer transaction is of a particular standard or quality when it is not and the supplier knows or should reasonably know that it is not

3. Representing that the transaction involves or does not involve a warranty, a disclaimer of warranties, or other rights, remedies or obligations when the representation was false and the supplier knows or should reasonably know that the representation is false

4. Representing that the supplier is able to deliver or complete the subject of the consumer transaction within a stated period of time when the supplier knows or should reasonable know the supplier could not

5. Breach of Express and/or Implied Warranties

6. Violation of the Magnuson Moss Warranty Act

7. Violation of other consumer protection statute(s)

8. Failing to remedy defects in a warranted vehicle within a reasonable number of attempts

9. Failing to remedy defects in a warranted vehicle within a reasonable amount of time

10. Failing to honor a request to take the vehicle back and/or rescind and/or cancel the sales and warranty transaction

11. Failing to honor a request to take the vehicle back and rescind and/or cancel the sales and warranty transaction within a reasonable amount of time

12. Including one or more unconscionable and/or unreasonable terms in the written warranty document(s)

13. Including one or more unenforceable terms in the written warranty document(s)

14. Stalling and/or delaying the performance of a legal obligation

15. Representing that defects have been repaired when in fact they were not

16. Representing the supplier is able to deliver or complete the subject of a consumer transaction within a stated period of time when the supplier knows or reasonably should know the supplier could not

17. Soliciting a person to enter into a contract or agreement that contains terms that are oppressively one sided or harsh and/or in which the terms unduly limit the person's remedies, and/or in which the price is unduly excessive, and there was unequal bargaining power that let the person to enter into the contract or agreement unwillingly or without knowledge of the terms of the contract or agreement

18. Refusing to recognize the rights of buyers under the Uniform Commercial Code when the only remedy afforded by its limited warranty failed of its purpose.

58.   As a result of the above, inter alia, Defendant committed one or more abusive and/or unfair and/or deceptive and/or unconscionable acts, omissions, or practices in violation of applicable state Udap law(s), before, during or after a consumer transaction between one or both Plaintiffs and a supplier in relation to the 2017 KZ Venom.

**WHEREFORE**, judgment is demanded against defendant as deemed proper and lawful by the Court, cumulatively and/or alternatively as follows:

### PRAYER FOR RELIEF

1.  On the first claim, statutory and other damages, remedies, and relief as deemed proper and lawful by the Court, for more than $50,000 and in such amount as may be proven at trial;

2.  On the second claim, statutory and other damages, remedies, and relief as deemed proper and lawful by the Court, for each and every violation that may be proven at trial;

3. On the third claim, damages and/or statutory damages, and other damages, remedies, and relief as deemed proper and lawful by the Court, for each and every violation that may be proven at trial;

## ALTERNATIVE PRAYER FOR RELIEF

Or, in the alternative to the damages set forth in the prayer above on any appropriate claim as proven by the evidence and allowed by law, rescission and/or revocation of acceptance plus all damages and/or statutory remedies and relief as deemed proper, equitable and lawful by the Court, for each and every violation which may be proven at trial;

**Plus** on each and every claim, expenses of suit and litigation, interest from the date of acquiring the Rv, and an Order finding Plaintiffs to have rescinded and/or revoked acceptance, reasonable attorney fees, plus all costs, and any and all other legal and equitable relief deemed necessary and just.

Plaintiffs demand trial by jury on all claims and issues.

/s/ Elizabeth Ahern Wells_____
RONALD L. BURDGE
ELIZABETH AHERN WELLS
Attorney for Plaintiffs
8250 Washington Village Drive
Dayton, OH 45458-1850
Telephone:   937.432.9500
Fax:            937.432.9503
Email:         Ron@RvLemonLaw.com
                  Beth@BurdgeLaw.com

Z:\data\Spear, Kimberly & Charlie\Core Complaint 040918 bw.wpd